# EXHIBIT E

```
 1                        UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF NEW YORK
 2

 3   ----------------------------------X
                                       :
 4   JOINT STOCK COMPANY CHANNEL ONE   :
     RUSSIA WORLDWIDE, et al.,         :
 5                                     : 16-CV-01318 (GBD)
                  Plaintiffs,          :
 6              v.                     : February 9, 2018
                                       :
 7   INFOMIR LLC, et al.,              : 500 Pearl Street
                                       : New York, New York
 8                Defendants,          :
     ----------------------------------X
 9
            TRANSCRIPT OF CIVIL CAUSE FOR DISCOVERY CONFERENCE
10               BEFORE THE HONORABLE BARBARA C. MOSES
                    UNITED STATES MAGISTRATE JUDGE
11
     APPEARANCES:
12
     For the Plaintiff:          SAMUEL A. BLAUSTEIN, ESQ.
13                               HARDIN PARISHER ROWLEY, ESQ.
                                 Dunnington, Bartholow & Miller, LLP
14                               1359 Broadway
                                 New York, New York 10018
15
     For Goodzone TV:            RONALD DAVID COLEMAN, ESQ.
16                               Mandelbaum Salsburg PC
                                 3 Park Avenue, 16th Floor
17                               New York, New York 10016

18                               MARCUS AURELIUS NUSSBAUM, ESQ.
                                 Marcus A. Nussbaum, Esq.
19                               P.O. Box 245599
                                 Brooklyn, New York 11224
20
     For Infomir:                STEWART M. LEVISS, ESQ.
21                               EVAN SILAGI, ESQ.
                                 Berkowitz, Lichtstein, Kuritsky,
22                                Giasullo & Gross, LLC
                                 75 Livingston Avenue
23                               Short Hills, New Jersey 07078

24   Court Transcriber:          MARY GRECO
                                 TypeWrite Word Processing Service
25                               211 N. Milton Road
                                 Saratoga Springs, New York 12866


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

```
                                                           58

 1              THE COURT:  So you've objected to everything and
 2   asked defendants to narrow.  You have not proposed anything
 3   that you believe would be reasonable to produce.  Isn't it
 4   kind of your turn?
 5              MR. BLAUSTEIN:  There are -- we have identified some
 6   specific documents.  So for instance, Judge Daniels, affirming
 7   your order, has already determined that we own the channels
 8   and we own the relevant [inaudible] in the network.
 9              THE COURT:  Footnote on that, please do not assume
10   that you are entitled to use that default judgment made
11   without any actual litigation of the merits as if it were a
12   merits determination binding on non-defaulting defendants.
13              MR. BLAUSTEIN:  Very good, Your Honor.  So if for
14   instance there was a contention that we do not own these
15   channels or that we do not have any rights to broadcast them
16   or that we don't broadcast them via satellite perhaps we
17   could, as you've suggested to counsel for defendants, produce
18   some but not every shred of information concerning the --
19              THE COURT:  But you're the plaintiff.  It is your
20   burden to establish through admissible evidence every element
21   of each of your claims.
22              MR. BLAUSTEIN:  Yes.
23              THE COURT:  Not just to respond to, I don't know,
24   problems that the defendants had.  It's not their job to say,
25   hmm, you know, here's the reason we think you don't own that
```

59

1  channel.  You have to show that you own it.
2             MR. BLAUSTEIN:  I understand that, Your Honor.  And
3  in our summary judgment papers, we included in sworn testimony
4  as to what the clients do.  But if there was a --
5             THE COURT:  No, you didn't actually.  But we're not
6  arguing summary judgment today.
7             MR. BLAUSTEIN:  If there is an -- a reasonable
8  attempt to narrow the request towards any meaningful defense
9  that the -- or any defense that the defendants have we're
10 ready, able, and willing to listen.  And we will try and
11 accommodate them.
12            THE COURT:  I think you're looking at this from the
13 wrong end, Mr. Blaustein.  You're the plaintiff.  You have the
14 burden.  You have to support your allegations with evidence,
15 all of them.
16            UNIDENTIFIED:  Your Honor, if I could just bring to
17 the Court's attention from one example.  No. 12, and
18 unfortunately the pages are not -- are not numbered, but
19 Docket Request No. 12.  "Provide any documents which set forth
20 the trademark and copyright registration by name, registration
21 number, and governing jurisdiction that broadcasters claim
22 ownership of and which form the basis for the allegations in
23 the complaint."  There's no narrowing necessary in a claim for
24 trademark and copyright infringement, I'm asking you what
25 copyrights, what trademarks.  There are -- and look at the

60

1 objection, "Overbroad, duplicative, and beyond the scope"?
2 What is -- what possible good faith basis could there be for
3 interposing that objection?
4        MR. BLAUSTEIN: Your Honor, our pleading doesn't
5 allege that any of these marks are registered here in the
6 United States.
7        THE COURT: In that case, isn't the proper response
8 we don't have any?
9        MR. BLAUSTEIN: Perhaps.
10        THE COURT: But instead you objected on the grounds
11 that counsel just repeated and then said you quote, "Intend to
12 produce responsive documents." What responsive documents do
13 you intend to produce?
14        UNIDENTIFIED: Also, that's trademarks.
15        THE COURT: One at a time. Mr. Blaustein.
16        MR. BLAUSTEIN: Whatever documents that we have that
17 are perhaps relevant to the issue of a trademark or a
18 copyright use or something to that effect. Perhaps it's the
19 use of the logos on the websites. Perhaps it's the use of
20 them in the --
21        THE COURT: No, no, no. This is a very specific
22 question. Documents which set forth trademark and copyright
23 registration. If you are not contending that any of the
24 copyrights or trademarks which you contend defendants
25 infringed were registered then just say so.