

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOINT STOCK COMPANY "CHANNEL ONE RUSSIA WORLDWIDE,"

    Plaintiff,

-against-

RUSSIAN TV COMPANY INC., et al.,

    Defendants.

18-CV-2318 (LGS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff's motion to seal (Dkt. No. 230) is GRANTED IN PART. Ms. Panfilova's medical records (Dkt. No. 231-1) shall remain under seal (ex parte). Although those records constitute judicial documents, as that term is used in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), they are relevant only to the question whether and when Ms. Panfilova must appear for deposition, and do not bear directly on the merits of this action. Moreover, they contain confidential details concerning Ms. Panfilova's health. I therefore conclude that the witness's privacy interests outweigh the relatively weak presumption of public access to her medical records.[1]

Sealing orders must, however, be "narrowly tailored." *Lugosch*, 435 F.3d at 120. The body of plaintiff's letter-brief dated July 27, 2020 (Dkt. No. 231), submitted in opposition to defendants' letter-motion to compel (Dkt. No. 228), does not reveal the contents of the medical

---

[1] Ms. Panfilova's medical records reached the Court through two different channels. At 10:04 a.m. on July 27, 2020, the Court received an email, apparently from Ms. Panfilova herself, summarizing her relevant medical history, attaching various medical records (including the records filed by plaintiff's counsel, under seal, at 5:40 p.m. that same day), and requesting that those records be kept confidential. For the same reasons discussed above, the Court will file Ms. Panfilova's email, and the attached records, under seal (ex parte). The Court reminds all parties, witnesses, and counsel that in the absence of express advance authorization, all communications with the Court must be filed via ECF.

2

records, nor any other details concerning Ms. Panfilova's illness, and consequently does not qualify for sealing. The July 27 letter, may not remain under seal and shall instead be filed in public view.

The Clerk of Court is respectfully directed to close the letter-motion at Dkt. No. 230 and unseal the body of plaintiff's letter (Dkt. No. 231). Exhibit A to that letter (Dkt. No. 231-1) shall remain under seal.

Dated: New York, New York
July 28, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**