UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOINT STOCK COMPANY,                                        :
                                    Plaintiff,              :
                                                            :           18 Civ. 2318 (LGS)
                -against-                                   :
                                                            :           ORDER
RUSSIAN TV COMPANY INC., et al.,                            :
                                    Defendants.             :
------------------------------------------------------------X

WHEREAS, on January 29, 2021, Defendants filed a letter requesting permission to "file certain exhibits related to Defendants' Summary-Trial Memorandum in redacted form and under seal" and took no position on exhibits designated as confidential by Plaintiff and non-party Kartina Digital GmbH ("Kartina"). Dkt. No. 269.

WHEREAS, on February 8, 2021, Plaintiff and non-party Kartina filed a letter de-designating certain documents as confidential and consenting to or taking no position on Defendant's and Kartina's exhibits designated as confidential by Defendant and Kartina respectively. Dkt. No. 275. It is hereby

**ORDERED** that the parties and Kartina are **GRANTED** permission to file exhibits under seal as listed in the appendix at Dkt. No. 277. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Filing the above-referenced documents in redacted form is necessary to prevent the unauthorized dissemination of confidential

information related to parties and Kartina.  It is further

**ORDERED** that Plaintiff Joint Stock Company's request to file its licensing agreement with Kartina at CHANNELONERTV000543-568 under seal is **DENIED** without prejudice to renewal.  By **March 1, 2021**, Plaintiff shall file a letter indicating whether it renews its request.  Plaintiff shall specify which docket number its licensing agreement is filed under.  If Plaintiff has not filed its licensing agreement on the docket, Plaintiff shall file its licensing agreement on the docket under seal, subject to possible unsealing upon the Court's review of the docket.  Plaintiff shall file any other of its exhibits not on the docket in accordance with the Court's Individual Rules, especially Rule I.D.3.

The parties are advised that the Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

Dated: February 22, 2021
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE



745 Fifth Avenue, 5th Floor, New York, NY 10151
T. 646-770-7445   F. 646-417-7997
GROSSMANLLP.COM

February 16, 2021

<u>VIA ECF</u>

Hon. Lorna G. Schofield
United States District Judge
Daniel Patrick Moynihan United States Courthouse
40 Centre Street, Courtroom 1106
New York, New York  10007

    Re:    *Joint Stock Company "Channel One Russia Worldwide v.*
            <u>*Russian TV Company, Inc., et al.*</u>, Case No. 18-cv-2318 (LGS)

Dear Judge Schofield:

    We represent Defendants in the above-referenced action and we write jointly with Plaintiff under Section I.D.3 of the Court's Individual Rules and under the Court's February 10, 2020, directive (Dkt. No. 276) to provide an Appendix identifying all parties and attorneys of record who should have access to the sealed documents filed in connection with Defendants' Summary-Trial Memorandum (*see* Dkt. Nos. 270-73).

| APPENDIX FOR ACCESS TO SEALED DOCUMENTS ||
|---|---|
| **Plaintiff's and non-party Kartina Digital GmbH's Confidential Documents** ||
| Dkt. Nos. | Access |
| 273-13 | <u>Parties</u>: Plaintiff, Defendants, Kartina Digital GmbH ("Kartina") <br><br> <u>Counsel for Plaintiff</u>: Raymond Dowd, Hardin Rowley, Kamanta Kettle, Samuel Blaustein <br><br> <u>Counsel for Defendants</u>: Lindsay Hogan, Judd Grossman <br><br> <u>Counsel for Kartina</u>: Raymond Dowd, Hardin Rowley, Samuel Blaustein |
| 273-7 | Designation and sealing request withdrawn (*see* Dkt. No. 275) |
| 273-2 <br> 273-3 <br> 273-4 <br> 273-5 <br> 273-8 <br> 273-12 | <u>Parties</u>: Kartina, Defendants <br><br> <u>Counsel for Plaintiff</u>: Raymond Dowd, Hardin Rowley, Kamanta Kettle, Samuel Blaustein <br><br> <u>Counsel for Defendants</u>: Lindsay Hogan, Judd Grossman <br><br> <u>Counsel for Kartina</u>: Raymond Dowd, Hardin Rowley, Samuel Blaustein |

Hon. Lorna G. Schofield  Page 2 of 2
February 16, 2021

| Dkt. No. | APPENDIX FOR ACCESS TO SEALED DOCUMENTS |
|---|---|
| | **Defendants' Confidential Documents** |
| | Access |
| 272-4<br>272-10 | <u>Parties</u>: Plaintiff and Defendants<br><u>Counsel for Plaintiff</u>: Raymond Dowd, Hardin Rowley, Kamanta Kettle, Samuel Blaustein<br><u>Counsel for Defendants</u>: Lindsay Hogan, Judd Grossman |
| 272-11 | <u>Parties</u>: Defendants<br><u>Counsel for Plaintiff</u>: Raymond Dowd, Hardin Rowley, Kamanta Kettle, Samuel Blaustein<br><u>Counsel for Defendants</u>: Lindsay Hogan, Judd Grossman |

Respectfully submitted,

*Lindsay E. Hogan*

Lindsay E. Hogan

cc: All counsel of record (*via* ECF)