UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JOINT STOCK COMPANY "CHANNEL ONE
RUSSIA WORLDWIDE,"                                    :   18 Civ. 2318 (LGS)
                                    Plaintiff,       :
                                                      :   **ORDER**
              -against-                               :
                                                      :
RUSSIAN TV COMPANY, et al.,                          :
                                    Defendants.      :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on September 22, 2021, the Court issued Amended Findings of Fact and Conclusions of Law (the "Opinion") finding Defendants liable for unauthorized streaming of Plaintiff's Programming[1] in violation of the Federal Communications Act, 47 U.S.C. § 605(a). The case has been referred to Magistrate Judge Barbara Moses for the computation of damages, attorneys' fees and costs. *See Joint Stock Co. "Channel One Russia Worldwide" v. Russian TV Co.*, No. 18 Civ. 2318, 2021 WL 4341053 (S.D.N.Y. Sept. 22, 2021).

WHEREAS, the Opinion found that (1) Defendants' violations were not "willful" under § 605(e)(3)(c)(ii) and (2) the STBs were not knowingly used primarily to "[assist] in the authorized decryption of satellite cable programming," § 605(e)(4). *See Joint Stock*, 2021 WL 4341053, at *4-5.

WHEREAS, Plaintiff filed a motion for reconsideration on October 6, 2021, seeking to vacate the Court's findings. Plaintiff also sought clarification of whether Judge Moses may permit discovery to determine damages based on Defendants' subscribers from November 2018 to August 2020.

WHEREAS, a motion for reconsideration should be granted "only when the [party

---

[1] Capitalized terms herein have the same meaning as in the Opinion.

seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal citation omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal citation omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *Dill v. JPMorgan Chase Bank*, N.A., No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).

WHEREAS, Plaintiff does not identify any change of controlling law, any new evidence, or the need to correct a clear error or prevent injustice. "It is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court[.]" *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Pro. Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) (internal quotation marks omitted) (summary order); *see also Tonga Partners, L.P.*, 684 F.3d at 52; *Mader v. Experian Info. Sols., LLC*, No. 19 Civ. 3787, 2020 WL 5416337, at *1 (S.D.N.Y. Sept. 3, 2020).

WHEREAS, the motion also fails on the merits. In the motion for reconsideration, Plaintiff argues that a wrong standard was applied for finding enhanced damages under 47

U.S.C. § 605(e)(3)(c)(ii) and that willfulness requires only that the violation be a "deliberate act." This argument is unavailing. As stated in the Opinion, an affirmative act, on its own, is insufficient to show willfulness if the unauthorized broadcast is the result of an "innocent mistake." *See J & J Sports Prod., Inc. v. El Ojo Aqua Corp.*, No. 13 Civ. 6173, 2014 WL 4700014, at *6 (E.D.N.Y. Aug. 29, 2014), *R. & R. adopted*, 2014 WL 4699704 (E.D.N.Y. Sept. 22, 2014). Willfulness under § 605(e)(3)(c)(ii) requires a "disregard for the governing statute and an indifference to its requirements." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126-27 (1985). The contrasting language of § 605(e)(3)(c)(iii) confirms this scienter requirement. 47 U.S.C. § 605(e)(3)(c)(iii) ("In any case where the court finds that the violator was *not aware and had no reason to believe* that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.") (emphasis added). Here, based on the evidence, the Court made a factual finding that Plaintiff failed to show that Rudik knew or believed that the access codes Defendant Techstudio purchased provided *unauthorized* access to the Programming.

Plaintiff further argues that RTV's continued violations after the lawsuit was commenced and before a preliminary injunction was entered show RTV's willfulness. They do not. RTV believed that it was providing authorized access, and its decision to litigate that issue (even if they may have ultimately lost) does not prove willfulness absent additional evidence.

WHEREAS, Plaintiff relies on the distinction made by *DISH Network L.L.C. v. Ward*, No. 08 Civ. 590, 2010 WL 11507693, at *6 (M.D. Fla. Jan. 8, 2010) and *DISH Network, LLC v. Henderson*, No. 19 Civ. 1310, 2020 WL 2543045, at *6 (N.D.N.Y. May 19, 2020) to argue that the STBs configured with middleware and the middleware itself constitute "device or equipment" primarily for "assist[ing] in unauthorized decryption" under § 605(e)(4). These

3

arguments are misleading and incorrect.

As for the STBs configured with middleware, the Opinion agreed with Plaintiff that they were in fact devices. Defendants nevertheless were found not liable on this claim because of the Opinion's finding, based on the evidence, that "Russian TV STBs do not decrypt IPTV and . . . the STBs were not 'primarily' or 'intended' for unauthorized activity . . . ." *Joint Stock*, 2021 WL 4341053, at *5. The distinction between configured and unconfigured devices is inapplicable here because Plaintiff failed to show that the STBs loaded with the middleware, in any event, decrypted any Programming.

Plaintiff's claim that the middleware is a device fails for the same reason. Whether or not the middleware is a device, Plaintiff failed to show that it decrypted any Programming.

WHEREAS, Plaintiff requests this Court to clarify that Magistrate Judge Moses may permit damages discovery of Defendants' subscribers from November 2018 to August 2020. The issue of damages has been referred to Judge Moses, and the Court defers to Judge Moses's determination of whether any post-trial discovery is appropriate. It is hereby

**ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 299.

Dated: November 10, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE