UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JOINT STOCK COMPANY "CHANNEL ONE RUSSIA WORLDWIDE,"

Plaintiff,

-against-

RUSSIAN TV COMPANY INC., et al,

Defendants.

18-CV-2318 (LGS) (BCM)

[~~RECOMMENDED~~]
**PERMANENT INJUNCTION**

**LORNA G. SCHOFIELD, United States District Judge:**

WHEREAS, Plaintiff Joint Stock Company "Channel One Russia Worldwide," ("Plaintiff" or "Channel One") commenced this action on March 19, 2018;

WHEREAS, Plaintiff broadcast various channels (the "Channels") originating in the Russian Federation;

WHEREAS, on September 22, 2021, this Court found Defendants Russian TV Company, Inc., SR Express Consulting Inc. d/b/a Techstudio, Steven Rudik, Servernaya Inc., and ESTIDesign Inc. (collectively "RTV" or "Defendants") in violation of Section 605(a) of the Federal Communications Act, 47 U.S.C. § 605(a) (ECF 292);

WHEREAS, 47 U.S.C. § 605(e)(3)(B)(i) permits the Court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection [605](a)";

WHEREAS, "Programming" means the channels broadcast by Channel One in the Russian Federation and rebroadcast in the countries throughout the world, including Perviy Kanal (domestic version of Channel One), Channel One Russia Worldwide, Dom Kino, Muzika Pervogo, Vremya:dalekoe i blizkoe, Carousel International, Telekafe or any other channel that Channel One may in the future broadcast via any medium;

WHEREAS, "Distribute" or "Distributing" means to deliver or assist in delivering the Programming to U.S. consumers by any technological means, including via internet protocol television, over the top, cable, satellite, or radio; and

WHEREAS, the term "Defendants" includes the named Defendants in this action as well as their parents, subsidiaries, affiliates, predecessors, successors, divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs, and future assigns; it is hereby

**ORDERED** that Defendants are permanently enjoined and restrained from broadcasting, rebroadcasting, transmitting, or Distributing the Programming unless (i) the parties to this action in the future otherwise agree in writing, or (ii) Defendants have contracted in writing to do so with a counterparty which has been authorized in writing by Plaintiff to transfer or convey to third parties, including Defendants, the right to broadcast, rebroadcast, transmit, or Distribute the Programming. Defendants shall bear the burden of confirming such written authorization and shall bear the risk of failing to do so. It is further

**ORDERED** that this Court shall retain jurisdiction for the limited purpose of enforcement of this injunction.

Dated: April 20, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE