UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Joint Stock Company "Channel One Russia Worldwide,"

                                    Plaintiff,

    -against-

Index No.  18-CV-2318

RUSSIAN TV COMPANY, INC., SR EXPRESS
CONSULTING INC. d/b/a TECHSTUDIO,
STEVEN RUDIK, SERVERNAYA INC.,
ESTIDESIGN INC., and John Does 1-10.

                                    Defendants.
------------------------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY ENTRY OF JUDGMENT**


**DUNNINGTON BARTHOLOW & MILLER LLP**
*Attorneys for Plaintiff Channel One*

Raymond J. Dowd
230 Park Avenue, 21st Floor
New York, New York 10177
Telephone: 212-682-8811
Facsimile: 212-661-7769
RDowd@dunnington.com

Plaintiff Joint Stock Company Channel One Russia Worldwide ("Channel One") opposes Defendants'[1] motion to stay entry of a money judgment until Channel One Russia is no longer subject to sanctions or has obtained a specific license from the Office of Foreign Asset Control ("OFAC") authorizing payment of the judgment and legal fees. The stay should be denied as against public policy. Judgment should be entered because General License 31 specifically authorizes this Court and the Second Circuit to conduct "proceedings." Judgment should also be entered because the Code of Federal Regulations ("CFR") 31 CFR 587.506(a) specifically authorizes provision of legal services to sanctioned entities and for legal fees to be paid.

Contrary to Defendants' contentions, the CFR and General License 31 clearly reflect the Executive Branch determination that intellectual property proceedings (including appellate proceedings) be timely prosecuted and lawyers paid. Entry of judgment starts the appellate clock ticking. Defendants' proposed delay of entry would subvert the Executive Branch policy determinations that intellectual property proceedings should proceed. This is found in the plain language of General License 31 and the CFR. Judgment should also be entered because, even assuming the correctness of Defendants' argument that satisfaction of the judgment would potentially violate OFAC sanctions, such a hypothetical future violation would be highly unlikely to occur because, as Defendants appear to concede, either Channel One or Defendants could apply for a specific license from OFAC following entry of judgment that would specifically authorize Defendants to satisfy the judgment. Because there is no evidence that either Defendants or Channel One would circumvent OFAC sanctions and because OFAC has jurisdiction over issuance of specific licenses, there is no basis for staying entry of the judgment.

---

[1] Russian TV Company, Inc., SR Express Consulting Inc. d/b/a Techstudio, Steven Rudik, Servernaya Inc. and ESTIDesign Inc.

**BACKGROUND**

This is an action for violations of the Federal Communications Act of 1934 ("FCA"). On May 8, 2022, pursuant to Executive Order 14024, the Office of Foreign Asset Control ("OFAC") extended its sanctions to include Channel One's parent company Joint Stock Company Channel One (AKA Perviy Kanal). Accordingly, Channel One is a "sanctioned entity" within the meaning of Executive Order 14024. Dunnington's continued representation of Channel One is authorized by 31 CFR 587.506(a) which authorizes the provision of certain legal services to sanctioned Russian entities. https://www.ecfr.gov/current/title-31/subtitle-B/chapter-V/part-587. Specifically, Dunnington has billed for work authorized by 587.506(a)(1), (a)(2), and (a)(3).

On May 5, 2022, the Office of Foreign Asset Control ("OFAC") issued General License No. 31 Authorizing Certain Transactions Related to Patents, Trademarks and Copyrights. *See* https://home.treasury.gov/system/files/126/russia_gl31.pdf. Section (a)(4) of General License No. 31 authorizes: "The filing and prosecution of any opposition or infringement proceeding with respect to a patent, trademark, copyright, or other form of intellectual property protection, or the entrance of a defense to any such proceeding." The three Channel One litigations and bankruptcy case concern claims related to the FCA. The FCA protects the intellectual property of broadcasters in their broadcasts. Parties are allowed to pursue intellectual property claims despite OFAC sanctions. *See e.g. Havana Club Holding, S.A. v. Galleon S.A.*, 961 F. Supp. 498, 500–01 (S.D.N.Y. 1997)(Cuba sanctions); *Kalantari v. NITV, Inc.*, 352 F.3d 1202, 1207–08 (9th Cir. 2003)(Iran sanctions). The broad language of General License No. 31 permitting "prosecution" of intellectual property actions plainly authorizes entry of judgment against Defendants.

Defendants raise two arguments in favor of this court entering a stay. *First*, Defendants argue that a stay is warranted because Defendants cannot satisfy a judgment without a specific

license from OFAC.  *Second,* Defendants argue that this Court should exercise its inherent authority under its authority to manage its docket to issue a stay.

These arguments should be rejected for the following *two* main reasons.

I. A Money Judgment Should Be Entered: A Stay Would Frustrate The Language and Purpose Of General License 31 Because General License 31 Specifically Authorizes Sanctioned Entities To Pursue Intellectual Property "Proceedings" Which Includes Timely Entry of Judgment And Prosecution of Any Appellate Proceedings

Defendants' argument that a stay of entry of a money judgment is warranted is contradicted by Defendants' concession that "Plaintiffs may prosecute this lawsuit."  Motion at 5 (discussing OFAC FAQ 808).  Defendants' concession is fatal to the argument that entry of judgment should be delayed.  Entering a final judgment is specifically authorized by General License 31.  Entry of judgment would also start the appellate clock ticking --- also a result consistent with the plain language of General License 31.

Defendants point to language from OFAC FAQ 808 indicating that a specific license from OFAC is required for "the enforcement of any lien, judgment, or other order through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or effect [blocked] property."  Motion at 5.  OFAC FAQ 808 refers to proceedings against sanctioned entities.  Because Defendants are not sanctioned entities and Defendants' property is not blocked, the advice offered by OFAC FAQ 808 is of dubious value.

However, Channel One has not initiated any judgment enforcement proceedings, so that situation is a future hypothetical.  Channel One has not initiated or threatened enforcement proceedings.  If a specific license is required to initiate such proceedings, Defendants have presented no evidence that Channel One would fail to do so.  Nor have Defendants explained why Defendants themselves could not apply for a specific OFAC license to comply with a judgment.

3

With respect to Defendants' arguments that lawyers for sanctioned entities should not be paid, these arguments are baseless. Dunnington's continued representation of Channel One is authorized by 31 CFR 587.506(a) which authorizes the provision of certain legal services to sanctioned Russian entities. https://www.ecfr.gov/current/title-31/subtitle-B/chapter-V/part-587. Because such payments are specifically authorized by the CFR, Defendants' arguments in favor of a stay of judgments awarding legal fees are wholly baseless.

Failing to enter a final judgment would contravene the plain language of General License 31 and frustrate the intent of the Executive Branch by blocking the normal workings of the appellate process. Channel One would be harmed and prejudiced because the final judgment would be shielded from appellate review for an indeterminate period of time. Blocking fees to Channel One's attorneys would cause and unwarranted hardship. Such an unwarranted delay and deprivation of legal counsel is contrary to the foreign policy determinations underlying General License 31 and thus the request for a stay should be rejected.

II. Defendants' Argument That This Court's "Inherent Authority" Justifies A Stay Pending Further OFAC Action Should Be Rejected Because OFAC Has No Actions To Take And This Court Has No Inherent Authority To Frustrate General License 31 and the CFR Provisions Permitting Lawyers To Be Paid

Defendants' argument that this court should stay entry of judgment pending OFAC action under its inherent authority should be rejected because OFAC has no action to take for this court to enter a money judgment. General License 31 and the CFR authorize entry of judgment and payment of legal fees. If a specific license is necessary for Defendants to *satisfy* the judgment or for Channel One to *enforce* the judgment, these are future and different questions not ripe for determination. Defendants can seek guidance from OFAC on whether paying a judgment requires a specific license and if such a license is required, there is no reason Defendants should not apply for it, if this is the procedure OFAC wishes. If OFAC requires Channel One to apply for a specific

4

license to initiate enforcement proceedings, there is no reason to believe that Channel One would fail to do so.  A delay in entry of a money judgment would deprive OFAC of the opportunity to weigh in and provide guidance on these questions. Similarly, this Court's determinations would not be subject to appellate review, frustrating Executive Branch policy that intellectual property actions proceed.  Thus, such a delay would prejudice Channel One and frustrate foreign policy determined by the Executive Branch.

Defendants point to a line of cases where courts exercised inherent authority to stay proceedings pending the outcome of related proceedings in narrow circumstances defined by the Supreme Court in 1936. *Landis v N. Am. Co.,* 299 US 248, 255, 57 S Ct 163, 166, 81 L Ed 153 (1936) ("suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.").  Here, there are no related proceedings and thus no basis for a stay under this line of cases. *Compare Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (stay pending resolution of related litigation in Pennsylvania); *Rovi Guides, Inc. v. Comcast Corp.,* 2017 WL 4876305 (S.D.N.Y. Oct. 27, 2017)(stay pending patent proceedings). *Range v. 480-486 Broadway LLC,* 810 F.3d 108, 113 (2d Cir. 2012) involved a stay of discovery, a fact pattern not applicable here.  None of these cases suggest that a court may stay proceedings on the foreign policy rationale suggested by Defendants.

In *Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83 (2d Cir. 2012), the Second Circuit affirmed a denial of a stay.  Contrary to the suggestion in Defendants' brief, *Leinster Inter S.A. v. Botley Ltd.,* 2009 WL 5246211 (S.D.N.Y. Dec. 30, 2009) involved the denial of a stay. Indeed, this authority supports this Court denying a stay because Defendants have failed to demonstrate any harm that would result from entry of a judgment.

Contrary to Defendants' arguments, Channel One's interests would be harmed by a stay on entry of a money judgment. As explained above, a failure to enter a judgment would mean that the appellate clock never runs and that the Second Circuit would not have a timely opportunity to review any appeals. Also contrary to Defendants' arguments, public policy favors entry of judgment. Because General License 31 specifically authorizes this action to proceed and because the CFR authorizes attorneys representing sanctioned entities to be paid, Defendants are asking this court to second-guess and frustrate federal regulations that specifically embody U.S. foreign policy. As Defendants correctly point out, public policy supports deference to the Executive Branch and not second-guessing. Motion at 7 *citing OKKO Bus. PE v. Lew,* 133 F.Supp. 3d 17, 23 (D.D.C. 2015). Because General License 31 authorizes this action proceed to final judgment and counsel to be paid, this Court should not second-guess the Executive Branch.

## CONCLUSION

Because entry of a money judgment and payment of attorneys are specifically authorized by General License 31 and the CFR, Defendants' request for a stay should be denied.

Dated: New York, New York
May 18, 2023

**DUNNINGTON BARTHOLOW & MILLER LLP**
*Attorneys for Plaintiff Channel One*

/s/Raymond J. Dowd_____
Raymond J. Dowd
230 Park Avenue, 21st Floor
New York, New York 10177
Telephone: 212-682-8811
Facsimile: 212-661-7769
RDowd@dunnington.com