UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
JOINT STOCK COMPANY "CHANNEL ONE RUSSIA WORLDWIDE,"

                       Plaintiff,

-against-

RUSSIAN TV COMPANY, et al.,

                       Defendants.
------------------------------------------------------------ X

18 Civ. 2318 (LGS)

**OPINION & ORDER**

LORNA G. SCHOFIELD, District Judge:

Defendants Russian TV Company, Inc., SR Express Consulting Inc. d/b/a/ Techstudio, Steven Rudik, Servernaya Inc. and ESTIDesign Inc. move to stay entry of money judgment in this action until Plaintiff Joint Stock Company "Channel One Russia Worldwide" either is no longer subject to sanctions under Executive Order 14024 ("E.O. 14024") or has obtained a license from the Office of Foreign Assets Control of the United States Department of the Treasury ("OFAC") authorizing payment of the judgment and attorneys' fees.  For the reasons below, Defendants' motion is denied.

**I.    BACKGROUND**

Plaintiff brought this action against Defendants alleging violations of the Federal Communications Act ("FCA").  After discovery, the parties agreed to a summary trial of the FCA claims, which Plaintiff agreed would resolve its remaining claims, including those under the Copyright Act.  On September 22, 2021, the Court issued Amended Findings of Fact and Conclusions of Law, determining that Defendants had violated FCA § 605(a) by illegally rebroadcasting Plaintiff's television programming.  On April 20, 2023, the Court entered a permanent injunction enjoining Defendants from broadcasting or otherwise distributing the

programming broadcast by Plaintiff without Plaintiff's prior authorization. The same day, the Court adopted in full a Report and Recommendation by Magistrate Judge Barbara C. Moses, which recommended awarding Plaintiff a total of $1,149,000 in statutory damages, in addition to attorneys' fees and costs in an amount to be determined after further proceedings.

On April 15, 2021, President Biden issued E.O. 14024, declaring a national emergency to deal with the threat caused by the "harmful foreign activities of the Government of the Russian Federation." Exec. Order No. 14024, 86 Fed. Reg. 20,249 (Apr. 15, 2021). Under E.O. 14024, all U.S.-based "property and interests in property" of certain designated categories of Russian persons "are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in." *Id.* § 1. The executive order prohibits "the making of any contribution or provision of funds, goods, or services by, to, or for the benefit of any person whose property and interests in property are blocked pursuant to this order." *Id.* § 2(a).

On March 1, 2022, OFAC promulgated a final rule under which "[a]ll transactions prohibited pursuant to Executive Order (E.O.) 14024 of April 15, 2021 are prohibited." 31 C.F.R. § 587.201(a). The final rule prohibits "the enforcement of any lien, judgment, arbitral award, decree, or other order through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or affect property or interests in property blocked pursuant to § 587.201." *Id.* § 587.506(d). "Unless licensed pursuant to this part, any attachment, judgment, decree, lien, execution, garnishment, or other judicial process is null and void with respect to any property or interest in property blocked pursuant to § 587.201." *Id.* § 587.202(f).

On May 8, 2022, OFAC added Plaintiff to its Specially Designated Nationals and Blocked Persons List. *See* Press Release, Office of Foreign Assets Control, U.S. Dep't of

Treasury, U.S. Treasury Takes Sweeping Action Against Russia's War Effort (May 8, 2022), https://home.treasury.gov/news/press-releases/jy0771 [https://perma.cc/HTX8-JR97].

On May 4, 2023, Defendants moved to stay entry of judgment. On December 5 and 6, 2023, the parties filed additional letters in response to the Court's order to "explain[] any legal bases for why the Court should not enter judgment and stay execution of such judgment until Plaintiff either is no longer subject to sanctions under Executive Order 14024 or is granted a license by the Office of Foreign Assets Control, to minimize delay in the start of any appellate process."

## II. STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012).[1] "The person seeking a stay bears the burden of establishing its need." *Id.* at 97. "The decision whether to stay an action calls on a district court's studied judgment, requiring the court to examine the particular facts before it and determine the extent to which . . . a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015). "When considering whether to stay a case pending the resolution of related proceedings, courts in this District generally consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

parties to the civil litigation; and (5) the public interest." *Hamilton Rsrv. Bank Ltd. v. Democratic Socialist Republic of Sri Lanka*, No. 22 Civ. 5199, 2023 WL 7180683, at *4 (S.D.N.Y. Nov. 1, 2023).

## III.   DISCUSSION

Defendants' motion to stay entry of money judgment is denied because the alternative of entering judgment and staying its execution is the preferable course weighing all of the relevant interests.

First, entering money judgment supports Plaintiff's interest "in proceeding expeditiously with the civil litigation," *see id.* at *4, as entry would start the appellate clock. As to the second factor, Defendants argue that entering money judgment would cause them significant prejudice because a large unpaid judgment "would reflect negatively on Defendants in the eyes of existing and prospective stakeholders, lenders, creditors, and business partners, and require Defendants to expend resources determining how to properly account for it in Defendants' records and filings." This argument is unavailing. Defendants have not explained how they would suffer any unfair prejudice. Defendants have a liability subject to two contingencies, appellate review and the sanctions order. Permitting appellate review would remove at least one contingency and any unwarranted cloud on Defendants' reputation or financial reports. In the meantime, during the appellate process, the sanctions order might be lifted pursuant to a license application or for some other reason. As long as the finding of Defendants' liability is undisturbed, Defendants have a contingent liability that may reflect on them negatively, regardless of whether formal judgment is entered. That Defendants will have to expend resources to determine the proper accounting now and in the future seems inevitable, unless the liability is extinguished via appellate review. In short, any prejudice to Defendants is outweighed by both Plaintiff's and

4

Defendants' interest in beginning the appellate process and expeditiously obtaining a final determination of Defendants' liability.

The interests of the courts, nonparties and public are neutral. Whether entry of judgment is stayed, or judgment is entered and execution is stayed, these interests are served by deferring to the U.S. foreign policy set by the Executive Branch as reflected in the OFAC sanctions regime. *See City of New York v. Chevron Corp.*, 993 F.3d 81, 102 (2d Cir. 2021) ("[J]udicial caution . . . guards against federal courts triggering . . . serious foreign policy consequences, and instead defers such decisions, quite appropriately, to the political branches.").

Plaintiff's award of attorneys' fees and costs will be determined after further proceedings before Judge Moses. Under the sanctions regime, certain legal services may be provided to sanctioned entities, but "any receipt of payment of professional fees and reimbursement of incurred expenses must be authorized pursuant to § 587.507, which authorizes certain payments for legal services from funds originating *outside* the United States." 31 C.F.R. § 587.506(a) (emphasis added). If Defendants are U.S.-based, as they appear to be, their payment of any attorneys' fees and costs would be stayed, like the payment of money damages.

IV.  **CONCLUSION**

For the foregoing reasons, Defendants' motion to stay entry of money judgment is **DENIED**. The Clerk of Court is respectfully directed to close the motion at Dkt. 347. Plaintiff is directed to file a proposed form of judgment consistent with this Order by **January 19, 2024**, with any objections by Defendants to be filed by **January 26, 2024**. When either Plaintiff is no longer subject to sanctions under E.O. 14024 or any party has obtained a specific license from OFAC authorizing Plaintiff's receipt of funds, the parties shall inform the Court.

Dated:  January 12, 2024
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE